IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES *ex rel.* JAVIER BAILEY, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> LEE RYKER, Warden, Lawrence Correctional ) <br> Center, ) <br> ) <br> Respondent. ) | Civil Action No.: 07 C 1759 <br><br> Suzanne B. Conlon, Judge |

## MEMORANDUM OPINION AND ORDER

Javier Bailey petitions *pro se* for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. Respondent moves to dismiss the petition on the ground that Bailey failed to exhaust his state court remedies under 28 U.S.C. § 2254(b)(1)(A). For the reasons set forth below, the motion to dismiss is granted and the petition is dismissed without prejudice.

## PROCEDURAL BACKGROUND

On September 13, 2005, Bailey pleaded guilty to aggravated criminal sexual assault and was sentenced to 25 years in prison. Bailey filed a *pro se* motion to dismiss or reduce his sentence on September 22, 2005. The motion alleged that Bailey's sentence did not account for his history as an abused child, that his conviction was void because the criminal complaint was unsigned, that the name on the indictment was an "artificial construct," and that his pretrial incarceration impaired his defenses. Bailey's post-conviction motion was denied on October 21, 2005. He filed a notice of appeal on November 15, 2005. The State Appellate Defender was appointed to represent him.

On February 13, 2007, through counsel, Bailey filed an agreed motion for summary remand in the state appellate court. On March 20, 2007, the appellate court granted the motion and

remanded the case to the circuit court for appointment of counsel, and the opportunity to file a new post-conviction motion. The proceedings are pending in the state trial court and Bailey's direct appeal has not yet been heard.

On March 29, 2007, Bailey filed a *pro se* petition for *habeas corpus* in this court. His petition alleges that the trial court did not have subject matter jurisdiction because the criminal complaint was unsigned and that he is unlawfully detained in violation of his 14th Amendment rights.

## DISCUSSION

Respondent argues that Bailey's *habeas corpus* petition should be dismissed without prejudice because he has not exhausted his state court remedies. A petitioner must exhaust his remedies in state court before filing a petition for a writ of *habeas corpus*. *See* 28 U.S.C. § 2254(b)(1), (c). The exhaustion doctrine gives a state court the opportunity, through its established appellate system, to resolve any constitutional claims before the issues are presented to a federal court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A petitioner must give the state's highest court an opportunity to resolve constitutional claims. *Mahaffey v. Schomig*, 294 F.3d 907, 914 (7th Cir. 2002).

Bailey has failed to exhaust even one complete round of state appellate review, much less review by the Illinois Supreme Court. *See Boerkel*, 526 U.S. at 845 (comity dictates that a petitioner invoke one complete round of a state's appellate review process, including discretionary review in the Illinois Supreme Court). Bailey is currently litigating his post-conviction motion in state court. The appellate court remanded to the trial court upon Bailey's agreed motion. Accordingly, Bailey has not exhausted his state remedies.

Bailey argues that his *habeas* petition falls within an exception to the exhaustion requirement and that review by the federal district court is "the only remedy left." Exhaustion of state remedies is not required if: (1) "there is an absence of available State corrective process;" or (2) "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i), (ii).

Bailey fails to meet either of the exceptions. First, he has not shown unavailability of a state corrective process. To the contrary, he is relitigating his post-conviction motion on remand to the state trial court. If the state trial court denies his post-conviction motion, he can seek review through the state appellate system.

Bailey also alleges his claim has been blocked in the state courts and to "go backwards to State Court Remedies, is '. . . ineffective to protect his rights [sic].'" However, Bailey's agreed motion for summary remand reveals that the claim asserted in this *habeas* petition was also asserted in his post-conviction motion now before the state trial court. Therefore, his unexhausted claim in his *habeas* petition does not fall within either of the exceptions to the exhaustion requirement.

Finally, respondent requests that Bailey's *habeas* petition not be stayed pending exhaustion of his state remedies. The United States Supreme Court recently ruled that a district court has discretion to stay a "mixed" *habeas* petition containing both exhausted and unexhausted claims if there was good cause for failure to comply with the exhaustion requirement. *Rhines v. Weber*, 544 U.S. 269, 276-277 (2005). A stay may be granted if dismissal of the petition would effectively end petitioner's opportunity for federal *habeas* review due to the one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act of 1996. *Id.* at 274-275; 28 U.S.C. § 2244(d); *see also Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006).

3

Bailey's petition does not satisfy the requirements for issuing a stay. His petition is not "mixed;" it contains only one unexhausted claim. Furthermore, requiring Bailey to exhaust his state court remedies would have no affect on the AEDPA's one-year statute of limitations. 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation under this subsection."). After Bailey has invoked one complete round of review in the Illinois courts and the judgment is final, he has one year to refile his *habeas* petition in federal court. *Id.* at § 2244(d)(1)(A). Bailey has not established good cause for his failure to exhaust his state court remedies. Accordingly, the *habeas* petition cannot be stayed pending exhaustion of his state court remedies.

## CONCLUSION

Respondent's motion to dismiss is granted. The petition for a writ of *habeas corpus* is dismissed without prejudice.

ENTER:

Suzanne B. Conlon
United States District Judge

August 15, 2007

4